Chief Justice Maks hall
delivered the opinion of the Court.
This is a contest between Bryan R. Young, as the mortgagee of J. M. George, and Heth and Halbert as the mortgagees of A. Gwartney, for eleven feet eleven *279 inches and a half front of lot 86, with the portion of a building thereon, in the town of Brandenburg. Gwartney purchased under a decree for a part of the purchase money due for the lot, which had priority7 to the mortgage of Young. But Young alleges that Gwartney7 purchased in trust for George, and so gave it out in speeches, whereby others were prevented from bidding. All of which is denied by Gwartney, who alleges that he gave full value for his purchase, executed bond for the price, received the Commissioner’s deed, and has paid a large portion of the price, and is bound for the residue, though he admits that he said at the sale he remarked that if George would pay his bid, he might have the benefit of the purchase. And he relies upon the statute of frauds as protecting him against any claim on the ground of trust, &c. After the filing of this answer, Gwartney mortgaged the property in question to Heth and Halbert for his own debt. And as they acquired their interest pendente lite, they are bound by the issue of the contest between B. R. Young and Gwartney, under whom they claim. The claimants under each of the two mortgages filed a bill for foreclosure, but neither made the others parties.
The two suits were however consolidated, and the Court, being of opinion that Gwartney’s purchase was in trust for George, decreed the preference to Young, as the mortgagee of George, over Heth and Halbert,, the mortgagees of Gwartney.
The principal, and in fact only direct evidence of the alleged trust is contained in the deposition of R. T. Robertson, not taken in this case, but read from the record of a suit between the above named George, as-complainant, and Gwartney7, as defendant; to the reading of which Gwartney objected; and the admissibility of this deposition presents the’ first question for our consideration.
There was in fact no cross examination of Robertson, by Gwartney. And although the deposition which. *280 was read was taken about a year after the filing of Young’s bill, and although there is evidence in the record that Young had given notice to Gwartney that he would take Robertson’s deposition in this case about three years after his bill was filed, which he failed to do. No reason is shown why he did not take it at that .or some other period before the hearing. But waiving any question on these grounds, we are of opinion that even if there be a sufficient identity of parties to authorize the reading of a deposition from the former suit, there is no such evidence of the identity of the question or matter in issue in the two cases, as would render the evidence taken in one, admissable as a matter of course in the other, even if the parties were precisely the same.
To authorize the reading of a deposition in one suit which has been taken in an other suit, there must appear to be identity of parties, and iden tity of question or matter in issue in the two eases, unless when read to con tradiet the witness — or the deponent is a party
The general rule is that in order to lay the foundation for admitting a deposition taken in a different suit, unless for the mere purpose of contradicting the present statement of the same witness or where the deponent in the other suit is a party to the present suit, the pleadings in the former suit should be exhibited so as to show what was the point in issue. And that the deposition in the former suit cannot be read in the subsequent one, unless it relates to a matter, and only so far as it relates to matter, material to the former issue, and as to which the party against whom it is offered, had a right to cross examine, which he is no't entitled to do as matter of right except as to facts material to the issue; When there was no cross examination in fact, this rule seems to be essential, to prevent the sacrifice of the interests of a party to the mere irrelevant and loose statements of an adverse witness. Robertson seems to. have deposed first to other matters not affecting this suit, and neither the bill nor answer, nor any other evidence being produced to show the materiality in the former suit of his statement now relied on, bis deposition should have been rejected. But even if this ¿deposition were admissible, and If with other evidence *281 tit were sufficient to establish the fact that Gwartney purchased for George, still as he in fact purchased in his own name, executed bond, received the title and has paid a portion and is bound for the residue of the purchase money, the title could not upon equitable principles be taken from him without first securing him full indemnity. There is no proof no presumption that George advanced the money which has been paid. Nor is there any evidence that Gwartney said or did any thing while the sale was going on which deterred bidders, or that they were in fact deterred. The contrary appears to have been the fact. There was, therefore, no fraud in the sale. And if there was a trust., or even if Gwartney purchased as agent, he is entitled to be indemnified, even if there were sufficient written evidence of the character of his purchase.
If a purchase be made of a debt- or’s property under execution by one as the agent and friend ot the debtor, paid for by th’ purchaser, creditors of the defendant in the execution can’ot subject the property without first indemnifying the purchaser.
A, Harris for plaintiff; Grigsby for defendants.
But as even the parol evidence, and especially upon the rejection of Robertson’s deposition does not establish agency or trust in the purchase, it is not necessary to decide what should be the consequence if it were established. As the case stands, we are of opinion that Gwartney’s purchase must be sustained, and that his mortgagees Heth and Halbert, are entitled to satisfaction out of the proceeds of the eleven feet eleven and a half .inches front of lot 86, which seems to have been sold.
Wherefore the decree is reversed, and the cause re.mnnded for a decree in conformity with this opinion.